IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL EDWIN MCLEMORE, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV567 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT R. FRAKES, | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner has filed various motions and a brief in support of his request that I reconsider my denial of his stay request. I have carefully reviewed all of these filings.

IT IS ORDERED that:

1.   The motion to amend the petition for writ of habeas corpus (filing no. 18) is granted but only as provided herein. The following claim is presented in addition to those claims described in the initial progression order (filing no. 3), to wit: Claim Five: Petitioner was denied his Sixth Amendment right to counsel, namely a "*Massiah* violation" by use of an informant in violation of Neb. Rev. Stat. §29- 2262.01 (reissued 1995).[1]

2.   No further amendments will be allowed.

3.   The motion to extend filing of brief (filing no. 19) is denied as moot.

---

[1] If additional state court records are required as a result of the addition of this claim, Respondent is given leave to file them no later than the initial brief date for Respondent set forth in this order.

4.      The motion for reconsideration (filing no. 20) is denied.[2]

5.      Respondent shall file an answer and brief or a motion for summary judgment and brief no later than Friday, August 9, 2019.

6.      Petitioner shall file a brief in response no later than Monday, September 9, 2019.

7.      Respondent may file a reply brief no later than Wednesday, October 9, 2019. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

8.      Copies of the answer or motion for summary judgment, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief or motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the

---

[2] I have read the brief. It does not change my mind. Among other things, the belated affidavit of the private investigator trying to authenticate the interview of Martin does not explain why the transcript is not complete ("idle conversation from 1:09:33 until end" with no ending time stated) and does not explain how it was possible that portions (over six minutes) are "inaudible." Still further, the affidavit does not explain why Martin was not confronted with his trial testimony in order to give him an opportunity to address the alleged differences in that testimony and the interview that took place 19 years later. Most importantly, the brief does not convince me that any of numerous other reasons for rejecting the stay motion were incorrect.

specific reasons the documents are relevant to the cognizable claims and Respondent's arguments.

9.      No discovery shall be undertaken without leave of the court. See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

10.     My description of the claims previously set forth in the prior progression order (filing no. 3) remain the same but is supplemented by "Claim Five" described above.

11.     The clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 9, 2019: check for Respondent's reply brief.

DATED this 2nd day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge