IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MICHAEL EDWIN MCLEMORE, | ) | |
|---|---|---|
| Petitioner, | ) | 8:18CV567 |
| V. | ) | |
| SCOTT R. FRAKES, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

Petitioner has filed an "Appeal of Memorandum and Order," Filing no. 37. Construing that document as an effort to perfect an interlocutory appeal, the Clerk has inquired whether the Petitioner may appeal in forma pauperis.[1]

The petitioner has not filed a motion and affidavit to proceed on appeal in forma pauperis. Petitioner has not filed a notice of appeal either.

Mainly, Petitioner complains that I should have granted a frivolous motion which essentially sought my disqualification (although captioned as a "Motion for Change of Venue From Judge"). Filing no. 33. He also complains that I should have granted his equally frivolous "Motion to Produce" additional documents. Filing no. 32. I denied these motions and briefly gave my reasons why. Filing no. 36.[2]

---

[1] Petitioner did pay the initial five dollar fee to file this habeas action.

[2] At bottom, what Petitioner is mainly complaining about is my earlier detailed Memorandum and Order denying his motion to stay and abey. Filing no. 16. As for the request to produce more documents, Respondent has already filed virtually all of the state court records, consisting of thousands of pages, that are relevant. Filing no. 4 (Respondent's Index of Evidence consisting of 4 pages describing the attached 34 separate filings of state court records). To the extent I can understand him, Petitioner

Taking a bird's eye view of this case as of today, the record in this case reflects two overarching conclusions. Petitioner has consistently sought to delay or impede the progression of these proceedings. Additionally, Petitioner has been leniently treated, as exemplified by the numerous times he was granted extensions of time thus causing the issuance of several progression orders.

Pursuant to Fed. R. App. P. 24(a)(4) and 28 U.S.C. § 1915(a)(3) (West), I herewith certify that the purported interlocutory appeal is not taken in good faith. This is because (1) the purported interlocutory appeal of the predicate rulings is frivolous just as the predicate motions were frivolous and (2) also because the attempted interlocutory appeal is asserted in bad faith for the purpose of delaying the progression of this case.

Furthermore, I believe that the Court of Appeals would not have jurisdiction to hear this interlocutory appeal. Since I will not certify this case for an interlocutory appeal under 28 U.S.C. § 1292(b), the Court of Appeals would have jurisdiction over this purported appeal only if Petitioner could satisfy the "collateral order" doctrine.

In order to file a proper interlocutory appeal under the collateral order doctrine, each decision appealed from must satisfy three requirements: (1) it must conclusively determine the disputed question; (2) it must resolve an important issue completely separate from the merits of the action; and (3) the decision must be effectively unreviewable on appeal from a final judgment. *See*, *e.g.*, *Howard v. Norris*, 616 F.3d

---

wants additional records *outside* the state court file. Furthermore, despite Petitioner's assertion to the contrary, the trial transcripts of the testimony of Edward Mentzer, Filing no. 4-15 at CM/ECF p.4 (state court reporter's index giving pages of state court testimony of Mentzer) and Kevan Barbour, Filing no. 4-15 at CM/ECF p. 5 (state court reporter's index giving pages of state court testimony of Barbour), are in the record.

799, 802 (8th Cir. 2010). In my opinion, a plain reading of Petitioner's attempted interlocutory appeal satisfies none of these three requirements. For this additional reason, the purported interlocutory appeal is frivolous.

With the foregoing in mind,

IT IS ORDERED that:

1. The Petitioner may not appeal in forma pauperis.

2. Respondent is reminded that he may file a reply brief on or before Wednesday, December 11, 2019, and if he elects not to file a reply brief, he should file a notice of such election.

DATED this 4th day of December, 2019.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge